[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-15987
Non-Argument Calendar

_____

D.C. Docket No. 1:11-cr-00011-MP-GRJ-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

NORBIN DEJESUS MEDINA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(September 21, 2012)

Before MARTIN, JORDAN and ANDERSON, Circuit Judges.

PER CURIAM:

Norbin DeJesus Medina appeals his convictions for a Hobbs Act robbery, in violation of 18 U.S.C. § 1951, and use of a firearm in furtherance of a Hobbs Act robbery, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) and § 924(c)(2), as well as the special monetary assessment accompanying those convictions.

The Indictment against Medina contained five counts, the first three relevant here.  Count One charged conspiracy to commit robbery under 18 U.S.C. § 1951; Count Two charged robbery, also under 18 U.S.C. § 1951; and Count Three charged carrying a firearm during the robbery under 18 U.S.C. § 924(c)(1)(A)(ii) and § 924(c)(2).  But, as Medina explains in his brief, "all parties and the court below mixed up the counts of conviction."  Throughout the plea colloquy, in the pre-sentence investigation report (PSR), at sentencing, and in the judgment, both parties and the court used the label "Count One" mistakenly to refer to the Indictment's robbery count, which was actually Count Two.

Now, Medina argues for the first time on appeal that the colloquy was insufficient under Federal Rule of Criminal Procedure 11 and violated Due Process under the Fifth Amendment of the United States Constitution.  He asserts that the confusion over the counts' numbers caused him to plead guilty to the substance of the robbery count, though "[i]t appears that the parties intended [him] to plead guilty to Count 1, which charged Conspiracy."  Medina asks us to vacate

2

his judgment and sentence for robbery because of this snafu, and remand the case to the district court.[1]

Medina also raises for the first time on appeal an objection to the amount of the special monetary assessment levied against him for his convictions. He asserts that the assessment should reflect the amount that the court stated during his colloquy ($100), rather than the amount set forth in the written judgment against him ($200), even though that latter figure accurately reflects the statutorily-mandated amount for such an assessment.

We review arguments raised for the first time on appeal in a criminal case for plain error. United States v. Rodriguez, 398 F.3d 1291, 1298 (11th Cir. 2005); see also United States v. Brown, 586 F.3d 1342, 1345 (11th Cir. 2009). Under plain error review, the defendant must show: "(1) error, (2) that is plain, and (3) that affects substantial rights." Rodriguez, 398 F.3d at 1298 (quotation marks omitted). Once those requirements are met, then we may exercise our discretion to consider a forfeited error, if we conclude that "the error seriously affects the

---

[1] Medina argues that the admitted facts, which related to robbery, do not establish a violation for conspiracy to commit robbery because they do not show an agreement between the parties. Based on this, he requests that, in addition to reversing his conviction for robbery, we order the district court on remand to dismiss the conspiracy charge (Count One). By this request, Medina seeks to have his cake and eat it, too. On the one hand, he asks to have his robbery conviction overturned based on the district court's error in referring to the robbery count as "Count One." But, at the same time, Medina tries to lock-in the district court's mistaken dismissal of Count Two. For reasons we go on to explain, this request proves moot.

3

fairness, integrity, or public reputation of judicial proceedings." Id. (quotation marks omitted).

In his first claim, Medina argues that the district court plainly erred, violating Federal Rule of Criminal Procedure 11 by consistently referring to "Count One" while accepting Medina's guilty plea and entering judgment for robbery, which was actually Count Two in the Indictment. See Fed. R. Crim. P. 11(b)(1)(G) (requiring the district court to determine that a defendant understands "the nature of each charge to which [he] is pleading"). To prevail on plain error review, Medina must show "a reasonable probability that, but for the error, he would not have entered the plea." United States v. Dominguez Benitez, 542 U.S. 74, 83, 124 S. Ct. 2333, 2340 (2004).

Medina has not shown or even asserted such a "reasonable probability." Id. He states that "[i]t appears that the parties intended Medina to plead guilty" to the conspiracy charge, presumably implying that he would not have entered the plea had he known it was for the robbery charge. The record, however, does not support that assertion.

The plea agreement itself offers no clarity on this point. Though Medina signed a plea agreement admitting guilt for "COUNT ONE . . . of the INDICTMENT," we have no way of determining whether, at that stage, the parties

4

had already mistakenly begun referring to the robbery charge as "Count One." Nor does the plea agreement's reference to Medina's violation of "18 U.S.C. § 1951," aid us. After all, both the conspiracy and the robbery counts were charged under § 1951.[2]

The remainder of the record, however, shows that Medina intended to plead guilty to robbery all along. First, the factual basis for Medina's plea, which was prepared by the government and signed by Medina, appears drafted to satisfy the elements of a robbery charge. Second, during the plea colloquy, the district court stated: "Mr. Medina, the charge against you in Count One is interference with commerce by robbery," and proceeded to read Medina the essential elements of the robbery offense; the prosecutor then read aloud a factual statement intended to establish probable cause for the robbery count, and Medina admitted those facts. Third, at his sentencing hearing, Medina did not object to the PSR, which again listed the robbery charge as "Count 1." The record thus leads us to conclude that Medina always intended to plead guilty to robbery, and that a clerical error was what led the parties to start referring to the right charge (robbery) by the wrong

---

[2] Medina notes that "the Indictment did not even properly allege [a] violation of the [c]onspiracy statute, 18 U.S.C. § 371." We fail to see why this fact is material. Count One was brought under 18 U.S.C. § 1951, which contains its own basis for a charge of conspiracy. See 18 U.S.C. § 1951(a) (stating that the statute applies to whomever "obstructs, delays, or affects commerce . . . by robbery . . . or attempts or conspires so to do . . . .").

count number.  Having reached that conclusion, we will not reverse Medina's conviction.[3]

Nevertheless, we recognize that a clerical error has been made.  This clerical error "really [does] not make any difference" to Medina's sentence, United States v. Diaz, 190 F.3d 1247, 1253 (11th Cir. 1999), since Counts One and Two of the Indictment were charged under the same statute and therefore carried the same sentence.  But we still think it wise to vacate the judgment and remand the case so that the district court can correct the error.  See Fed. R. Crim. P. 36 (permitting the court "at any time [to] correct a clerical error in a judgment, order, or other part of the record, or correct any error in the record arising from oversight or omission").  Thus, to ensure that the record accurately reflects Medina's pleas of guilty and convictions, we remand for the limited purpose of correcting the errors in the judgment, and elsewhere in the record as appropriate.  See Diaz, 190 F.3d at 1253.

In his second claim, Medina argues that the $100 special assessment pronounced by the district court at sentencing should apply, rather than the written judgment's levy of a $200 special assessment.  Medina is correct that, when the oral pronouncement of sentence unambiguously conflicts with the written

---

[3] Medina's Due Process argument rested on his factual assertion that he was convicted of a crime for which he was not found guilty.  We necessarily rejected that assertion when we concluded that he knowingly pleaded guilty to robbery.

6

judgment, generally the oral pronouncement controls.  See United States v. Bonilla, 579 F.3d 1233, 1245 (11th Cir. 2009).  In this case, however, this general principle gives no basis for vacating the judgment.  That is because the relevant statute requires a special assessment of $100 for each felony conviction.  See 18 U.S.C. § 3013(a)(2)(A).  Reinstating the oral pronouncement that imposed an assessment of $100 for two convictions would therefore amount to ordering the district court to violate the law.  We decline to set aside the judgment on this basis.

For these reasons, we affirm Medina's convictions and special monetary assessment, but we remand this case for the district court to correct its judgment and other parts of the record, as appropriate.

**AFFIRMED AND REMANDED WITH INSTRUCTIONS.**